### GILBERT HUBBARD & Co. *v.* ROACH and another.

*(Circuit Court, N. D. Illinois. ———, 1880.)*

ADMIRALTY—JURISDICTION—STORAGE OF SAILS.—The storage of sails, when stripped from the vessel, is not a service pertaining to her navigation, and a claim for such storage is not a subject of admiralty jurisdiction, either by proceedings *in rem* or *in personam*.

Claim for Storage.

*Mr. Kremer*, for libellants.

*Mr. Condon*, for respondents.

DYER, D. J.   An important question in this case is whether or not libellants have a remedy by maritime action for storage of the vessel's sails. This appears to be a new question. No adjudicated case directly bearing upon it has been presented. In Benedict's Admiralty, § 283, it is said: "The master and owner of a ship, and the ship herself, may be proceeded against in admiralty to enforce payment of wharfage, whether the vessel lie along-side the wharf or at a distance, and only use the wharf temporarily for boats or cargoes. Of the same nature is the charge for storing a sail or

other furniture in a warehouse on shore, and that kind of rent or storage is also the subject of a maritime action."

In support of the last proposition the author cites *Gordon v. The New Jersey*, 1 Peters' Admiralty Reports, 223; *Ex parte Lewis*, 2 Gal. 483; *Jonson v. The McDonough*, Gilpin, 101; and *The Phœbe*, Ware, 354.

I have examined all of these cases, and find that, with the exception of the case of *The Phœbe*, none of them decide that a charge for storing the outfit of a vessel is the subject of a maritime action, nor do they touch that precise question. In the case of *The Phœbe*, which was a case of distribution among different claimants of proceeds which were in the registry of the court, there is indirect allusion to storage as a privileged debt, constituting a lien on the property, but the question is not discussed or distinctly decided. It has been decided in numerous cases that wharfage is the subject of admiralty jurisdiction, and this may well be because it directly pertains to the navigation of the ship. Mr. Benedict inclines to the opinion that the service of stevedores at the port of delivery of the cargo is maritime, but the contrary has been directly held by authority entitled to weight. Attempt has been made to support the right to maintain an action in the admiralty for storage, under the twelfth rule, which provides that "in all suits by material-men for supplies or repairs or other necessaries for a foreign port, the libellant may proceed against the ship and freight *in rem*, or against the master or owner alone *in personam*. And the like proceeding *in personam*, but not *in rem*, shall apply to cases of domestic ships for supplies, repairs, or other necessaries."

And it has been argued, in the case at bar, that the storage of the sails of a vessel ought to be classed as one of the necessaries mentioned in this rule; but I understand "necessaries" for a vessel, as the term is used in this rule, to mean those things which pertain to the navigation of the vessel, and which are directly incidental to and connected with her navigation; that is, those things which directly aid in keeping her in motion, for the purpose of receiving, carrying and deliver-

ing cargoes; and this, in general, will be found to be the nature of claims which constitute a lien in the admiralty upon the *res*, or which are made the foundation for maritime actions *in personam.* Now, it is true that when sails and outfit are stripped from a vessel they should be stored for safe preservation; and, in the course of business, what are known as sail lofts, in which the sails and outfit may be stored, are established at ports along the lakes, and the business of such storage, for which compensation in the nature of rent is charged, has grown up; but is this a' service which pertains to the navigation of a vessel, and which necessarily attaches to her, in the course of her employment, as does a claim for supplies, repairs, furnishings, wharfage, mariners' wages, and other like demands, which are indispensable to enable the vessel to perform her voyages? It is wholly shore service, performed in store-houses on land, and, as was said in *Cox* v. *Murray,* 1 Abb. Adm'y Rep. 342, "the maritime quality of a service arises only when the matters performed or entered upon pertain to the fitment of the vessel for navigation, aid and relief supplied in preparing for and conducting a voyage, or the freighting or employment of her as the instrument of a voyage."

The main argument in support of the claim that storage is or should be the subject of a maritime action is that the sails and outfit cannot be safely stored on board the vessel; that this would be attended with the hazards of fire, robbery, and deterioration from various causes; and that to avoid these hazards it is necessary that they be stored in other places.

But that is an argument addressed rather to the question of degree of safety than to that of absolute necessity. The storage of sails and outfit does not seem to be so imme diately and necessarily connected with the navigation of the vessel as to make it a maritime service or claim ; and, in the absence of any other authority than has been mentioned, I shall hold that it is not a subject-matter of admiralty jurisdiction, either by action *in rem* or *in personam,* and the exceptions to the commissioner's report upon the item for storage charged in libellant's account will, therefore, be sustained.